# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MR. CLAYTON M. BERNARD-EX,

    Plaintiff,

v.

DEANNA MOLINAR,

    Defendant.

Case No. 2:21-cv-00704-APG-NJK

**ORDER**

[Docket No. 1]

Plaintiff is proceeding in this action *pro se* and has requested authority under 28. U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

## I. *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* under § 1915(a) is granted.

## II. Screening Complaint

### A. Legal Standard

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint. 28 U.S.C. § 1915(e). Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Courts must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Analysis**

Plaintiff asserts claims against Defendant Deanna Molinar, a public defender. Docket No. 1-1 at 1, 3. Although difficult to follow, the instant claims appear to arise out of Defendant's representation of Plaintiff in state court criminal proceedings. *Id.* at 3. Plaintiff alleges that he is a diplomat and that, on December 20, 2017, he "was injured by Deanna Molinar's lack of diligence and failure to engage in the appropriate steps to terminate her representation." *Id.* at 2, 7. Plaintiff alleges that Defendant violated several rules under the Nevada Rules of Professional Conduct. *Id.* at 3, 6, 7–8, 10. Plaintiff further alleges that Defendant discriminated against him based on his race and engaged in trademark infringement. *Id.* at 6–7, 9, 10. Plaintiff appears to allege that Defendant also violated 18 U.S.C. § 242, a criminal statute. *Id.* at 4–5. Finally, Plaintiff invokes

the doctrine of diplomatic immunity and includes an affidavit electronically signed by Suezy Fran Gottlieb-Ex describing, in part, the disclosure of social security numbers and identity theft. *Id.* at 3–4, 33–34. Based on these allegations, Plaintiff requests injunctive relief and at least $500 million in damages. *Id.* at 11.

The Court finds that Plaintiff's claims in the instant complaint are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them"). Even if Plaintiff's claims were not frivolous, the Court finds that Plaintiff's complaint is deficient because it fails to both establish this Court's subject matter jurisdiction and state a claim upon which relief can be granted. Plaintiff purports to establish this Court's jurisdiction under 42 U.S.C. § 1981(a) and Title VII of the Civil Rights Act. Docket No. 1-1 at 2. However, Plaintiff fails to allege sufficient facts establishing a civil rights violation under federal law.[1]

Further, Plaintiff alleges that Defendant "conspired with state officials to deprive [him] of federal constitutional rights" in violation of 42 U.S.C. § 1983. *Tower v. Glover*, 467 U.S. 914, 915 (1984). However, Plaintiff fails to allege sufficient facts establishing the violation of a particular federal constitutional right. *See Thomas v. Row Casinos*, 2019 WL 7340505, at *2 (D. Nev. Dec. 13, 2019) (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)) ("To adequately plead the section 1983 elements, a complaint must identify what constitutional rights each defendant violated, and provide sufficient facts to plausibly support each violation"). Moreover, Plaintiff fails to allege that Defendant's conduct fell outside the traditional functions of a public defender in state criminal proceedings. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("With respect to . . . § 1983 claims . . . we decide only that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). In any event, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey*, 673 F.2d at 268. "It is also well

---

[1] Instead, Plaintiff offers a litany of vague, conclusory allegations of racial discrimination. *See* Docket No. 1-1 at 9–10.

3

established that plaintiff may not . . . bring civil claims pursuant to 18 U.S.C. §§ 241 and 242." *Brooks v. Nevada*, 2021 WL 1342526, at *3 (D. Nev. Apr. 8, 2021).

Finally, the Court may be precluded from exercising jurisdiction under the *Younger* and *Rooker-Feldman* doctrines. Plaintiff's complaint attaches as exhibits two printed copies of proceedings from the Clark County Courts website regarding an action by Plaintiff against Defendant and other individuals. *See* Docket No. 1-1 at 21–22. "*Younger* . . . and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Thus, to the extent the proceeding referenced in Plaintiff's complaint is ongoing, the Court must abstain pursuant to *Younger*. Alternatively, if Plaintiff "wants this court to overturn a final state court decision then the *Rooker-Feldman* doctrine precludes review by this court." *Estes v. Gaston*, 2012 WL 5839490, at *4 (D. Nev. Nov. 16, 2012).

**III. Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is hereby **GRANTED**. Docket No. 1. Plaintiff shall not be required to pay the filing fee.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **June 1, 2021**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended

4

Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: May 3, 2021

_____
Nancy J. Koppe
United States Magistrate Judge