1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

11  MR. CLAYTON M. BERNARD-EX,                   Case No. 2:21-cv-00704-APG-NJK

12          Plaintiff,                          **REPORT AND RECOMMENDATION**

13  v.                                          [Docket Nos. 10, 11]

14  DEANNA MOLINAR,

15          Defendant.

16          Plaintiff is proceeding *pro se* in this action pursuant to 28 U.S.C. § 1915.  On April 29,

17  2021, Plaintiff filed an application to proceed *in forma pauperis* and submitted a complaint.

18  Docket Nos. 1, 1-1.  On May 3, 2021, the Court granted Plaintiff's application to proceed *in forma*

19  *pauperis*.  Docket No. 8.  The Court also screened Plaintiff's complaint and dismissed it with leave

20  to amend if Plaintiff could correct certain deficiencies.  *Id.* at 3–5.  Now pending before the Court

21  is Plaintiff's amended complaint.  Docket Nos. 10, 11 (corrected image).  The Court will now

22  screen Plaintiff's amended complaint.

23  **I.    BACKGROUND**

24          When the Court screened Plaintiff's complaint, Docket No. 1-1, it found that the allegations

25  in Plaintiff's complaint were frivolous and failed to state a claim upon which relief may be granted.

26  Docket No. 8 at 3.  Nonetheless, the Court permitted Plaintiff the opportunity to cure the noted

27  deficiencies and file an amended complaint, no later than June 1, 2021.  *Id.* at 4.  The Court

28  cautioned Plaintiff that his amended complaint must sufficiently allege each claim and the

1

1  involvement of each defendant without reference to his original complaint. *Id.* On May 4, 2021,

2  Plaintiff filed the instant amended complaint. Docket Nos. 10, 11 (corrected image).

3  **II.    LEGAL STANDARD**

4          Upon granting an application to proceed *in forma pauperis*, courts screen the complaint.

5  28 U.S.C. § 1915(e). Section 1915(e) permits courts to dismiss a case if the action is legally

6  "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or

7  the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

8  § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given

9  leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

10 the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United*

11 *States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

12         Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim

13 upon which relief can be granted. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on

14 a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly

15 pled complaint must provide a short and plain statement of the claim showing that the pleader is

16 entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

17 (2007). Although Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands "more

18 than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

19 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

20 Courts must accept as true all well-pled factual allegations contained in the complaint, but the

21 same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of

22 the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at

23 678. Additionally, where the claims in the complaint have not crossed the line from conceivable

24 to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

25         Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings

26 drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal

27 construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal

28

2

interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## III.    ANALYSIS

Plaintiff asserts claims against Defendant Deanna Molinar, a public defender.[1]  Docket No. 11 at 1.  Plaintiff alleges that Defendant engaged in racial discrimination, collusion, slander, infringement, and false imprisonment.  *Id.* at 2.  Plaintiff further alleges that "this Court should grant this complaint because Plaintiff is protected from suit by the doctrine of diplomatic immunity." *Id.* at 3.  The Court finds that Plaintiff's allegations are frivolous, conclusory, and fail to state a claim upon which relief may be granted.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

Plaintiff alleges that Defendant "violated [his] civil rights by racial discrimination" and "coerced and colluded to unlawfully imprison [him] by using concocted stories, false information and racial discrimination practices."  Docket No. 11 at 3.  Plaintiff further alleges that Defendant "colluded with others to cover up kidnapping by LVMPD" and that he "was injured by [Defendant's] submission of a false claim." *Id.* at 3, 4.  A public defender is not immune from liability under § 1983  if she "conspired with state officials to deprive the § 1983 plaintiff of federal constitutional rights". *Tower v. Glover*, 467 U.S. 914, 916 (1984).  Absent from Plaintiff's amended complaint, however, are any allegations explaining the nature of the conspiracy. *See Downs v. Baca*, 2010 WL 3171025, at *4 (D. Nev. Aug. 11, 2010) ("Conclusory allegations are insufficient to state a claim for conspiracy").  Plaintiff also fails to allege sufficient facts establishing the violation of a particular federal constitutional right. *See Thomas v. Row Casinos*, 2019 WL 7340505, at *2 (D. Nev. Dec. 13, 2019) (citing *Jones v. Williams*, 297 F.3d 930, 934

---

[1] Although the instant complaint does not identify Defendant as a public defender, it alleges that she "refused to terminate her representation."  Docket No. 11 at 4.  In addition, Plaintiff previously identified Defendant as a public defender.  *See* Docket No. 1-1 at 3, 7; *see also McKenna v. WhisperText*, 2015 WL 5264750, at *3 & n.32 (N.D. Cal. Sept. 9, 2015) (collecting cases that courts may consider allegations made in prior pleadings).

1  (9th Cir. 2002)) ("To adequately plead the section 1983 elements, a complaint must identify what

2  constitutional rights each defendant violated, and provide sufficient facts to plausibly support each

3  violation").  Further, Plaintiff fails to allege that Defendant's conduct fell outside the traditional

4  functions of a public defender; as a result, no basis exists for the Court to find that Defendant acted

5  under color of state law for the purpose of § 1983 liability.  *See Anderson v. Warner*, 451 F.3d

6  1063, 1068 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)) ("To state a claim under

7  § 1983, a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution

8  or statutory law, and (2) allege that the deprivation was committed by a person acting under color

9  of state law"); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("With respect to . . . § 1983

10 claims . . . we decide only that a public defender does not act under color of state law when

11 performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

12 Having failed to allege sufficient facts establishing that Defendant acted under color of state law,

13 Defendant cannot be found liable under § 1983.  *See Stringer v. Woolsey*, 2010 WL 4386963, at

14 *6 n.1 (D. Nev. Sept. 21, 2010) ("[A] public defender can be sued under § 1983 if . . . she conspired

15 with a state actor, even if the state actor is immune from § 1983 liability.  However, here, Plaintiff

16 has not alleged facts to suggest such a conspiracy").

17        Plaintiff further alleges, without elaboration, that Defendant "committed illegal and

18 fraudulent activity" and "was involved in the fraud of White privilege and colluded and conspired

19 with LVMPD to commit racial discrimination and civil rights violation(s) against [him]."  Docket

20 No. 11 at 4.  As Plaintiff fails to state the circumstances constituting the alleged fraud, his claim

21 fails.  *See Neubronner v. Milken*, 6 F.3d 666, 669 n.4 (9th Cir. 1993) (quoting Fed. R. Civ. P. 9(b))

22 (emphasis in original) ("In all averments of fraud or mistake, the *circumstances constituting fraud*

23 *or mistake shall be stated with particularity*").  Further, Plaintiff makes a conclusory allegation,

24 again without elaboration, that Defendant violated his diplomatic immunity rights and "trademark

25 infringed on the name Clayton Bernard."  Docket No. 11 at 4, 5.  This conclusory allegation also

26 fails to state a claim.

27        In light of Plaintiff's failure to cure the deficiencies in his amended complaint and the

28 frivolous nature of the allegations therein, the Court finds that the instant complaint is without

4

merit, does not cross the line from conceivable to plausible, and that future amendment would be futile.

## IV.    CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Plaintiff's amended complaint be dismissed and that this case be closed without prejudice to Plaintiff filing a new complaint in a new case.

Dated: June 8, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

## <u>NOTICE</u>

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).   A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).